IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN ANDERSON                                    :                              :

    Plaintiff,                                    :

                                                  :

v.                                                : Civil Action No: WDQ 11-cv-1188

                                                  :

THE RELIANCE STANDARD LIFE                        :
INSURANCE COMPANY                                 :

                                                  :

and                                               :

                                                  :

THE APPTIS, INC. GROUP LONG TERM                  :
DISABILITY PLAN                                   :

                                                  :

    Defendants.                                   :

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
RELIANCE STANDARD LIFE INSURANCE COMPANY**

TO:    Walter L. Williams, Esq.
        Wilson Elser, LLP
        8444 Westpark Dr., Ste. 510
        McLean, VA 22102

Pursuant to FRCP 33, Defendant, the Reliance Standard Life Insurance Company, is

hereby required to answer in writing and under oath within thirty (30) days after receipt hereof,

the Interrogatories propounded by Plaintiff.

**Definitions**

1.    "You," "your," means the Reliance Standard Life Insurance Company (Hereinafter,
    "Reliance Standard"), Reliance Standard administrator Matrix Absence Management,
    Inc.)(Hereinafter, "Matrix") or any company of any similar title or name (or any other
    companies that with or without similar names that have a contractual, ownership,
    partnership, general services agreement or ongoing business relationship as related
    entities with the above companies, or any other related entities of whatever corporate or
    business form) and each of its affiliates, attorneys, accountants, divisions, subdivisions,
    predecessors, directors, officers, employees, agents, representatives and all persons acting

1

or purporting to act on its behalf that were involved, or whose employees were involved, in any way, in the handling of the claim that is subject of this lawsuit.

2.     The term "document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including any paper communication of any kind, including, but not limited to, drafts, revisions and computer-readable materials. "Document" shall also mean electronic mail, tapes, disks, diskettes, data cells, tape back-ups, drums, printouts, and all other data compilations from which information can be obtained.

3.     "Person" includes, without limitation, any natural person, proprietorship, corporation, partnership, trust, joint venture, association, organization, business entity or governmental agency.

4.     "Relating to" and "relates to" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, explaining, referring to, responding to, containing, regarding, discussing, describing, embodying, defining, stating, summarizing or in any way pertaining to.

5.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.     The use of the singular includes the plural, and vice versa.

7.     The use of one gender includes all others, appropriate in the context.

8.     "Identify" means and requires you to state:

    (a)     With respect to a person, his name, address, telephone number, employer and job title.

    (b)     With respect to a document, the name and address of its author or maker, the names and addresses of all persons who were addressees, the date on which it was created or made, the nature of the document and the substance of the information or communication set forth in the document.

    (c)     With respect to a tangible or demonstrative thing, a sufficiently graphic description to distinguish it from other tangible or demonstrative things of the same class or type.

    (d)     With respect to conversations and written or

2

oral communications:

    (i)    The date on which each conversation or communication occurred

    (ii)    The persons making such conversation or communication

    (iii)    The substance of the conversation or communication

    (iv)    The names and addresses of every person present when the conversation or communication occurred

    (v)    The place where the conversation took place

9.    The "plan" refers to the insurance policy or policies under which the Plaintiff has claimed benefits and shall include, without limitation, each and every rule, procedure or directive, formal or informal, oral or written, and each and every common understanding or course of conduct which was recognized as such by you and your personnel.

10.    The "Claim File" includes the Bates-stamped documents provided by the Defendants to counsel for the Plaintiff.

## Instructions

1.    If you discover new information, you are obligated to supplement your responses to these interrogatories no later than thirty (30) days after the discovery of the further information and in no event later than fifteen (15) days before the first day of trial and/or summary judgement briefing.

2.    In each instance where defendant denies knowledge or information sufficient to answer the Interrogatory, set forth the name and address of each person, if any, who is known by defendants to have such knowledge or information.

3.    If you contend that any of the information, documents, or tangible items sought in this discovery request are protected from discovery on the basis of:

    (a)    the attorney-client privilege;

    (b)    the work-product doctrine as limited by F.R.C.P. 26(b)(3) to include only the mental impressions of a party's attorney or other representative and their

conclusions, legal theories concerning the litigation;

(c)      The preparation in anticipation of litigation or trial by the attorney or other representative of a party, for which a showing of substantial need is required pursuant to F.R.C.P. 26(b)(3); or,

(d)      a statutory grant of protection from disclosure, such as protection of trade secret information, you are to provide the following information in each instance in lieu of the discovery sought:

   (1)      the specific nature of the protection from disclosure that you contend applies;

   (2)      all facts upon which you base your contention that a valid protection from disclosure applies;

   (3)      the form in which the information is contained (e.g. document, recollection of a fact witness, three dimensional model, etc.);

   (4)      in the case of a document, sufficient information so as to enable its subsequent identification in a motion for *in camera* inspection(including but not limited to author, date of document and number of pages); and,

   (5)      in the case electronic information which is encarded, on computer disk or tape, in microfiche or microfilm, in videotape, film, sufficient information so as to enable its subsequent identification in a motion for *in camera* inspection(including but not limited to  type, manner and format, number of units, and duration or length of film of videotape).

4

## INTERROGATORIES

**Interrogatory No. 1:**   Explain the relationship among the corporate entities Reliance Standard Insurance Company, Matrix Absence Management, and the Delphi Group.  Please include all details of ownership including stock  holdings, partnerships, controlling authority, subsidiary status, and all other ways in which these companies may be related.

**Answer:**

**Interrogatory No. 2:** Provide the total number of disability claims referred to the Matrix Absence Management for the performance of disability claim administration by Reliance Standard Life Insurance Company during the years 2007 - current inclusive listed on an annual basis. Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to perform work

**Answer:**

6

**Interrogatory No. 3:**   With respect to the total number of disability claims identified in the answer to Interrogatory No. 2 above, provide a total of all monies paid to Matrix Absence Management  listed on an annual basis during years 2007 - current inclusive.

**Answer:**

)    **Interrogatory No. 4:** Provide the total number of disability claims referred (either directly or through any intermediary) to National Medical Evaluation Services(A subsidiary of the MLS Group of Companies, Inc.) for the performance of medical records and/or peer review during the years 2007 - present inclusive listed on an annual basis.  Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to work.

**Answer:**

\

)

**Interrogatory No. 5:** Provide the total number of disability claims referred (either directly or through any intermediary) to MES Solutions for the performance of medical records and/or peer review during the years 2007 - present inclusive listed on an annual basis.  Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to work.

**Answer:**

**Interrogatory No. 6:**   With respect to the total number of disability claims identified in the answer to Interrogatory No. 5 above, provide a total of all monies paid to MES Solutions listed on an annual basis during years 2007 - current inclusive.

**Answer:**

)   **Interrogatory No. 7:** Provide the total number of disability claims referred (either directly or through any intermediary) to Dr. Francisco Ward for the performance of medical records and/or peer review during the years 2007 - present inclusive listed on an annual basis.  Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to work.

**Answer:**

**Interrogatory No. 8:** Provide the total number of disability claims referred (either directly or through any intermediary) to Dr. Eric Kerstman for the performance of medical records and/or peer review during the years 2007 - present inclusive listed on an annual basis. Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to work.

**Answer:**

**Interrogatory No. 9:** Provide the total number of disability claims referred (either directly or through any intermediary) to Crowe, Paradis & Albren for Social Security disability benefits representation during the years 2007 - present inclusive listed on an annual basis.

**Answer:**

)

**Interrogatory No. 10:**  Provide the total number of disability claims referred (either directly or through any intermediary) to First Advantage Investigative Services for the performance of claimant investigations during the years 2007 - present inclusive listed on an annual basis in addition to all sums paid listed for each year 2007 - present.

**Answer:**

14

**Interrogatory No. 11:** Please identify any and all internal guidelines, policies, procedures, claims handling manuals, training manuals, internal documents, memorandum, and policy and/or procedure statements in existence during the time this claim was considered, either on initial application or on further appeal(s), concerning the interpretation and/or administration of the policy issued in this case that are not contained in the claim record whether relied upon or not during the administration of the subject disability claim. Identify all reasons for why or why not each applicable guideline, policy or procedure was or was not followed in review of the subject claim. Please identify a corporate designee or designees who can testify as to all polices and procedures utilized in evaluating and deciding disability claims and reasons for why or why not such policies, procedures guidelines were or were not followed in the review of the subject claim.

**Answer:**

**Interrogatory No. 12:**   Identify all employees, agents or officers of the Defendant who were involved in any manner with the Plaintiff's claim for benefits not identified previously in prior interrogatories and set forth their compensation structure including  if any pay was in the form of bonuses, incentives, corporate stock/stock options or other additional pay, please state the amount of such additional payment and state the specific criteria on which such payment was made.

**Answer:**

**Interrogatory No. 13:**  Provide the total number of disability claims referred (either directly or through any intermediary) to David E. Lembech, M.Ed., LPC, CRC, CDMS for the performance of employability analyses during the years 2007 - present inclusive listed on an annual basis.  Please also state for each such year how many such employability analyses resulted in a claimant being unable to perform work.

**Answer:**

17

---
Signature

---
Printed Name:

---
Title

---
Employer


Respectfully submitted,

---
Scott B. Elkind, Bar 10810
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff

18

STATE OF                      §

COUNTY OF                 §

           BEFORE ME, the undersigned authority, personally appeared

_____ who swears and deposes that he/she has read

the answers to the foregoing interrogatories and that same are true and correct to the best of his/her

knowledge and belief and who produced _____ as

identification/is known to me personally.

SWORN TO and subscribed before me this _____ day of _____ , 2011.


_____   Seal:
NOTARY PUBLIC, State of


My Commission Expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Interrogatories to Defendant has been served by mail, first class, postage pre-paid on this  17th  day of  July , 2011, to counsel for Defendant:

Walter L. Williams, Esq.
Wilson Elser, LLP
8444 Westpark Dr., Ste. 510
McLean, VA 22102

Scott B. Elkind