IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN ANDERSON | : |
| Plaintiff, | : |
| v. | : Civil Action No: WDQ 11-cv-1188 |
| THE RELIANCE STANDARD LIFE INSURANCE COMPANY | : |
| and | : |
| THE APPTIS, INC. GROUP LONG TERM DISABILITY PLAN | : |
| Defendants. | : |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE RELIANCE STANDARD LIFE INSURANCE COMPANY**

TO:   Walter L. Williams, Esq.
      Wilson Elser, LLP
      8444 Westpark Dr., Ste. 510
      McLean, VA 22102

Pursuant to FRCP 34, Defendant, The Reliance Standard Life Insurance Company, is hereby required to produce the following documents and/or items. Legible photocopies of these documents and/or items will be acceptable if mailed to the office of Plaintiff's counsel within (30) days after receipt hereof. Otherwise the documents are to be produced at the office Scott B. Elkind, Elkind & Shea, 801 Roeder Rd., Ste. 550, Silver Spring, Maryland 20910.

**DEFINITIONS AND INSTRUCTIONS**

1. "You," "your," means The Unum Life Insurance Company of America d/b/a Unum, or any company of any similar title or name (or any othercompanies that with or without similar names that have a contractual, ownership, partnership, general services agreement

1

or ongoing business relationship as related entities with the above companies, or any other related entities of whatever corporate or business form) and each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on its behalf that were involved, or whose employees were involved, in any way, in the handling of the claim that is subject of this lawsuit.

2.   The term "document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including any paper communication of any kind, including, but not limited to, drafts, revisions and computer-readable materials. "Document" shall also mean electronic mail, tapes, disks, diskettes, data cells, tape back-ups, drums, printouts, and all other data compilations from which information can be obtained.

3.   "Person" includes, without limitation, any natural person, proprietorship, corporation, partnership, trust, joint venture, association, organization, business entity or governmental agency.

4.   "Relating to" and "relates to" mean, without limitation, relating to, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, explaining, referring to, responding to, containing, regarding, discussing, describing, embodying, defining, stating, summarizing or in any way pertaining to.

5.   "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.   The use of the singular includes the plural, and vice versa.

7.   The use of one gender includes all others, appropriate in the context.

8.   "Identify" means and requires you to state:

    (a)   With respect to a person, his name, address, telephone number, employer and job title.

    (b)   With respect to a document, the name and address of its author or maker, the names and addresses of all persons who were addressees, the date on which it was created or made, the nature of the document and the substance of the information or communication set forth in the document.

    (c)   With respect to a tangible or demonstrative thing, a sufficiently graphic

      description to distinguish it from other tangible or demonstrative things of the same class or type.

    (d)    With respect to conversations and written or oral communications:

        (i)    The date on which each conversation or communication occurred

        (ii)    The persons making such conversation or communication

        (iii)    The substance of the conversation or communication

        (iv)    The names and addresses of every person present when the conversation or communication occurred

        (v)    The place where the conversation took place

9.    The "plan" refers to the insurance policy or policies under which the Plaintiff has claimed benefits and shall include, without limitation, each and every rule, procedure or directive, formal or informal, oral or written, and each and every common understanding or course of conduct which was recognized as such by you and your personnel.

10.    The "Claim File" includes the Bates-stamped documents provided by the Defendants to counsel for the Plaintiff.

## INSTRUCTIONS

1.    If you discover new information, you are obligated to supplement your responses to these interrogatories no later than thirty (30) days after the discovery of the further information and in no event later than fifteen (15) days before the first day of trial and/or summary judgement briefing.

2.    If you object to furnishing any information requested by these interrogatories on the grounds of privilege, work product or otherwise, your response should state the existence of the information, document or communication, identify the specific grounds on which your objection is based and identify the information objected to by furnishing its date, participants (e.g., names of speakers, authors, addressees) and a general description of the nature, rather than the substance, of the purportedly privileged information. If the objected to information contains relevant non-objectionable matter, that information must be disclosed.

3

3. In each instance where defendant denies knowledge or information sufficient to answer the Interrogatory, set forth the name and address of each person, if any, who is known by defendants to have such knowledge or information.

4. If you contend that any of the information, documents, or tangible items sought in this discovery request are protected from discovery on the basis of:

    (a)    the attorney-client privilege;

    (b)    the work-product doctrine as limited by F.R.C.P. 26(b)(3) to include only the mental impressions of a party's attorney or other representative and their conclusions, legal theories concerning the litigation;

    (c)    The preparation in anticipation of litigation or trial by the attorney or other representative of a party, for which a showing of substantial need is required pursuant to F.R.C.P. 26(b)(3); or,

    (d)    a statutory grant of protection from disclosure, such as protection of trade secret information, you are to provide the following information in each instance in lieu of the discovery sought:

        (1)    the specific nature of the protection from disclosure that you contend applies;

        (2)    all facts upon which you base your contention that a valid protection from disclosure applies;

        (3)    the form in which the information is contained (e.g. document, recollection of a fact witness, three dimensional model, etc.);

        (4)    in the case of a document, sufficient information so as to enable its subsequent identification in a motion for *in camera* inspection(including but not limited to author, date of document and number of pages); and,

        (5)    in the case electronic information which is encarded, on computer disk or tape, in microfiche or microfilm, in videotape, film, sufficient information so as to enable its subsequent identification in a motion for *in camera* inspection(including but not limited to type, manner and format, number of units, and duration or length of film of videotape).

## DOCUMENTS TO BE PRODUCED

**Request No. 1:** All contractual agreements, operating instructions, or guidelines evidencing relationship and or control of the corporate entities Reliance Standard Insurance Company and Matrix Absence Management and their parent corporation, Delphi Group.

**Request No. 2:** All contractual agreements, operating instructions, or guidelines pursuant to which MLS National Medical Evaluation Services performed any medical records review and/or peer review work during the time period 2007 - current inclusive for Reliance Standard or other parent company or subsidiary.

**Request No. 3:** All contractual agreements, operating instructions, or guidelines pursuant to which MES Solutions performed any medical records review and/or peer review work during the time period 2007 - current inclusive for Reliance Standard or other parent company or subsidiary.

**Request No. 4:** All contractual agreements, operating instructions, or guidelines pursuant to which Dr. Eric Kerstman performed any medical records review and/or peer review work during the time period 2007 - current inclusive for Reliance Standard or other parent company or subsidiary.

**Request No. 5:** All contractual agreements, operating instructions, or guidelines pursuant to which Dr. Francisco Ward performed any medical records review and/or peer review work during the time period 2007 - current inclusive for Reliance Standard Insurance Company or any parent company or subsidiary.

**Request No. 6:** All contractual agreements, operating instructions, or guidelines pursuant to which Crowe, Paradis & Albren was hired to pursue Social Security disability benefits on behalf of claimants referred to by Reliance Standard.

**Request No. 7:** All contractual agreements, operating instructions, or guidelines pursuant to which First Advantage Investigative Services for the performance of claimant investigations referred by Reliance Standard.

**Request No. 8:** Copies of all IRS Form 1099s issued to MLS National Medical Evaluation Services and/or its parent company MLS Group of Companies, Inc. for 2007 - current inclusive.

**Request No. 9:** Copies of all IRS Form 1099s issued to Dr. Francisco Ward 2007 - current inclusive.

**Request No. 10:** Copies of all IRS Form 1099s issued to First Advantage Investigative Services for 2007 - current inclusive.

**Request No. 11:** Copies of all IRS Form 1099s issued to MES Solutions, Inc. for 2007 - current inclusive.

**Request No. 12:** Any and all educational and/or training materials utilized for the investigation, evaluation, or review of disability insurance claims. This includes all procedures, manuals, protocols, handbooks, guides, memorandum, intranet materials, policy and/or procedure statements, correspondence, tapes, videotapes, emails and/or other documents that have ever been used or utilized by Defendant that refer or relate in any manner to the following subjects: handling and deciding disability insurance claims, interpretation and/or evaluation of medical records and/or reports, undertaking or interpreting vocational rehabilitation evaluations and/or reports, determination of coverage and/or exclusions, ERISA-based instructions, investigation of disability claims including use of internal resources and/or outside vendors, in addition to all other materials, policies and procedures which in any way relate to handling and/or review of disability claims or dealing with claimants regardless of the title of the document.

**Request No. 13:** Any and all correspondence (hard copy or e-mail) to any in-house personnel, outside consultants, attorneys, medical reviewers, or any other individual involved in reviewing the subject disability case which prior to initiation of litigation in this matter

**Request No. 14:** Please provide all documents that discuss, reference, or describe weekly, monthly, quarterly, or annual targets or goals measured by the number of closed or denied claims from 2007 - present.

**Request No. 15:** Please provide any disability duration management documents or any similar documents or database materials relating to Plaintiff's claim and all documents that discuss, reference, or explain the meaning, purpose and use of such documents in managing claims.

**Request No. 16:** Please provide all documents that discuss or reference the compensation structure (salary, bonuses, incentives, stock options, award programs, or other benefits) applicable to claims or medical review personnel involved in the handling of disability claims.

Respectfully submitted,

_/s/_

Scott B. Elkind, Bar 10810
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Request for Production of Documents to Defendant has been served by mail, first class, postage pre-paid on this ___ day of July____, 2011, to counsel for Defendant:

>Walter L. Williams, Esq.
>Wilson Elser, LLP
>8444 Westpark Dr., Ste. 510
>McLean, VA 22102

_____
Scott B. Elkind