IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN ANDERSON, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: WDQ 11-cv-1188 |
| RELIANCE STANDARD LIFE INSURANCE COMPANY and THE APPTIS, INC. GROUP LONG TERM DISABILITY PLAN | : |
| Defendants. | : |

**DEFENDANT RELIANCE STANDARD LIFE INSURANCE COMPANY'S
ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Reliance Standard Life Insurance Company, by and through its undersigned counsel, answers Plaintiff Brian Anderson's First Set of Interrogatories as follows:

**DEFINITIONS AND INSTRUCTIONS**

Defendant objects to plaintiff's Definitions and Instructions on the grounds that they are overly broad in scope, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that plaintiff's instructions misstate the law applicable to discovery.

**INTERROGATORIES**

**Interrogatory No. 1:** Explain the relationship among the corporate entities Reliance Standard Insurance Company, Matrix Absence Management, and the Delphi Group. Please include all details of ownership including stock holdings, partnerships, controlling authority, subsidiary status, and all other ways in which these companies may be related.

**ANSWER:** Reliance Standard Life Insurance Company is a subsidiary of Reliance Standard Life Insurance Company of Texas, which is a wholly owned subsidiary of Delphi Financial Group, Inc. Matrix Absence Management was the third party claim administrator for claims under the group LTD policy, but Reliance Standard retained authority over the final decision.

269235.1

**Interrogatory No. 2:** Provide the total number of disability claims referred to the Matrix Absence Management for the performance of disability claim administration by Reliance Standard Life Insurance Company during the years 2007 – current inclusive listed on an annual basis. Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to perform work.

**ANSWER:** **Defendant objects to plaintiff's interrogatory on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. In addition, defendant objects on the grounds that the request is unduly burdensome as defendant does not maintain the information sought regarding claims referred to Matrix Absence Management and it would require a manual review of each claim file to obtain such information.**

**Interrogatory No. 3:** With respect to the total number of disability claims identified in the answer to Interrogatory No. 2 above, provide a total of all monies paid to Matrix Absence Management listed on an annual basis during years 2007 – current inclusive.

**ANSWER:** **See Objection to Interrogatory No. 2.**

**Interrogatory No. 4:** Provide the total number of disability claims referred (either directly or through any intermediary) to National Medical Evaluation Services (a subsidiary of the MLS Group of Companies, Inc.) for the performance of medical records and/or peer review during the years 2007 – present inclusive listed on an annual basis. Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to work.

**ANSWER:** **Defendant objects to plaintiff's interrogatory on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. In addition, defendant objects on the grounds that the request is unduly burdensome as defendant does not maintain the information sought regarding claims referred to National Medical Evaluation Services and it would require a manual review of each claim file to obtain such information.**

**Interrogatory No. 5:** Provide the total number of disability claims referred (either directly or through any intermediary) to MES Solutions for the performance of medical records and/or peer review during the years 2007 – present inclusive listed on an annual basis. Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to work.

**ANSWER:** **Defendant objects to plaintiff's interrogatory on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. In addition, defendant objects on the grounds that the request is unduly burdensome as defendant does not maintain the information sought regarding claims referred to MES Solutions and it would require a manual review of each claim file to obtain such information.**

**Interrogatory No. 6:** With respect to the total number of disability claims identified in the answer to Interrogatory No. 5 above, provide a total of all monies paid to MES Solutions listed on an annual basis during years 2007 – current inclusive.

**ANSWER:** See Objection to Interrogatory No. 5.

**Interrogatory No. 7:** Provide the total number of disability claims referred (either directly or through any intermediary) to Dr. Francisco Ward for the performance of medical records and/or peer review during the years 2007 – present inclusive listed on an annual basis. Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to work.

**ANSWER:** **Defendant objects to plaintiff's interrogatory on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, defendant did not refer any claims to Dr. Ward directly. Upon information and belief, in addition to the report in this claim, Dr. Ward has provided Reliance Standard with one other opinion.**

**Interrogatory No. 8:** Provide the total number of disability claims referred (either directly or through any intermediary) to Dr. Eric Kerstman for the performance of medical records and/or peer review during the years 2007 – present inclusive listed on an annual basis. Further state for each year listed in the response how many of the stated cases found a claimant suffering from restrictions or limitations and/or unable to work.

**ANSWER:** **Defendant objects to plaintiff's interrogatory on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. Without waiver, defendant did not refer any claims to Dr. Kerstman directly. Upon information and belief, the report in this claim is the only opinion received by Reliance Standard from Dr. Kerstman.**

**Interrogatory No. 9:** Provide the total number of disability claims referred (either directly or through any intermediary) to Crowe, Paradis & Albren from Social Security disability benefits representation during the years 2007 – present inclusive listed on an annual basis.

**ANSWER:** **Defendant objects to plaintiff's interrogatory on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. In addition, defendant objects on the grounds that the request is unduly burdensome as defendant does not maintain the information sought regarding the number of claims referred to Crowe, Paradis & Albren and it would require a manual review of each claim file to obtain such information.**

**Interrogatory No. 10:** Provide the total number of disability claims referred (either directly or through any intermediary) to First Advantage Investigative Services for the performance of claimant investigations during the years 2007 – present inclusive listed on an annual basis in addition to all sums paid listed for each year 2007 – present.

**ANSWER:** Defendant objects to plaintiff's interrogatory on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. In addition, defendant objects on the grounds that the request is unduly burdensome as defendant does not maintain the information sought regarding the claims referred to First Advantage Investigative Services and it would require a manual review of each claim file to obtain such information.

**Interrogatory No. 11:** Please identify any and all internal guidelines, policies, procedures, claims handling manuals, training manuals, internal documents, memorandum, and policy and/or procedure statements in existence during the time this claim was considered, either on initial application or on further appeal(s), concerning the interpretation and/or administration of the policy issued in this case that are not contained in the claim record whether relied upon or not during the administration of the subject disability claim. Identify all reasons for why or why not each applicable guideline, policy or procedure was or was not followed in review of the subject claim. Please identify a corporate designee or designees who can testify as to all policies and procedures utilized in evaluating and deciding disability claims and reasons for why or why not such policies, procedures guidelines were or were not followed in the review of the subject claim.

**ANSWER:** A copy of the internal guidelines was previously produced to plaintiff while the claim was pending. As to the remainder of this interrogatory, defendant objects on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to plaintiff's suggestion in this interrogatory that he is entitled to conduct a deposition.

**Interrogatory No. 12:** Identify all employees, agents or officers of the Defendant who were involved in any manner with the Plaintiff's claim for benefits not identified previously in prior interrogatories and set forth their compensation structure including if any pay was in the form of bonuses, incentives, corporate stock/stock options or other additional pay, please state the amount of such additional payment and state the specific criteria on which such payment was made.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it seeks confidential information. Without waiving this objection, those employees who were involved in plaintiff's claim are identified in the claim file that was produced to plaintiff. These individuals receive a salary with no incentive or bonuses.

**Interrogatory No. 13:** Provide the total number of disability claims referred (either directly or through any intermediary) to David E. Lembech, M.Ed., :PC, CRC, CDMS for the performance of employability analyses during the year 2007 – present inclusive listed on an annual basis. Please also state for each such year how many such employability analyses resulted in a claimant being unable to perform work.

4

**ANSWER:** Defendant objects to plaintiff's interrogatory on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. In addition, defendant objects on the grounds that the request is unduly burdensome as defendant does not maintain the information sought regarding claims referred to Mr. Lembech and it would require a manual review of each claim file to obtain such information.

_____
Signature

KAREN McGILL
Printed Name

MANAGER, QUALITY REVIEW
Title

RELIANCE STANDARD LIFE INS.
Employer


Respectfully submitted,

_____
Walter L. Williams
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
P: (703) 245-9300
F: (703) 245-9301
*Counsel for Defendant Reliance Standard Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2011, I served the foregoing to the following by email and mail:

>Scott B. Elkind, Esquire
>Elkind & Shea
>801 Roeder Road, Suite 550
>Silver Spring, MD 20910
>P: (301) 495-6665
>F: (301) 565-5111
>*Counsel for Plaintiff*

>Walter L. Williams