IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN ANDERSON, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:11-CV-01188-WDQ |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, and THE APPTIS, INC., GROUP LONG TERM DISABILITY PLAN, | : |
| Defendants. | : |

**DEFENDANT RELIANCE STANDARD LIFE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Reliance Standard Life Insurance Company, by and through its undersigned counsel, responds to Plaintiff Brian Anderson's First Request for Production of Documents as follows:

## DEFINITIONS AND INSTRUCTIONS

Defendant objects to plaintiff's Definitions and Instructions on the grounds that they are overly broad in scope, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that plaintiff's instructions misstate the law applicable to discovery.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1:** All contractual agreements, operating instructions, or guidelines evidencing relationship and or control of the corporate entities Reliance Standard Insurance Company and Matrix Absence Management and their parent corporation, Delphi Group.

**RESPONSE: Defendant objects to plaintiff's request on the grounds that it is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.**

269234.1

**Request No. 2:** All contractual agreements, operating instructions, or guidelines pursuant to which MLS National Medical Evaluation Services performed any medical records review and/or peer review work during the time period 2007 - current inclusive for Reliance Standard or other parent company or subsidiary.

**RESPONSE: Defendant objects to plaintiff's request on the grounds that it is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.**

**Request No. 3:** All contractual agreements, operating instructions, or guidelines pursuant to which MES Solutions performed any medical records review and/or peer review work during the time period 2007 - current inclusive for Reliance Standard or other parent company or subsidiary.

**RESPONSE: Defendant objects to plaintiff's request on the grounds that it is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.**

**Request No. 4:** All contractual agreements, operating instructions, or guidelines pursuant to which Dr. Eric Kerstman performed any medical records review and/or peer review work during the time period 2007 - current inclusive for Reliance Standard or other parent company or subsidiary.

**RESPONSE: No such documents are in the possession of the defendant.**

**Request No. 5:** All contractual agreements, operating instructions, or guidelines pursuant to which Dr. Francisco Ward performed any medical records review and/or peer review work during the time period 2007 - current inclusive for Reliance Standard or other parent company or subsidiary.

**RESPONSE: No such documents are in the possession of the defendant.**

**Request No. 6:** All contractual agreements, operating instructions, or guidelines pursuant to which Crowe, Paradis & Albren was hired to pursue Social Security disability benefits on behalf of claimants referred to by Reliance Standard.

**RESPONSE: Defendant objects to plaintiff's request on the grounds that it is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.**

**Request No. 7:** All contractual agreements, operating instructions, or guidelines pursuant to which First Advantage Investigative Services for the performance of claimant investigations referred by Reliance Standard.

**RESPONSE: Defendant objects to plaintiff's request on the grounds that it is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the defendant's objections, defendant will produce the applicable agreement between Reliance Standard and First Advantage Investigative Services to the extent it exists.**

**Request No. 8:** Copies of all IRS Form 1099s issued to MLS National Medical Evaluation Services and/or its parent company MLS Group of Companies, Inc. for 2007 - current inclusive.

**RESPONSE: Defendant objects to plaintiff's request on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

**Request No. 9:** Copies of all IRS Form 1099s issued to Dr. Francisco Ward 2007- current inclusive.

**RESPONSE: None.**

**Request No. 10:** Copies of all IRS Form 1099s issued to First Advantage Investigative Services 2007- current inclusive.

**RESPONSE: Defendant objects to plaintiff's request on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

**Request No. 11:** Copies of all IRS Form 1099s issued to MES Solutions, Inc., 2007- current inclusive.

**RESPONSE: Defendant objects to plaintiff's request on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

**Request No. 12:** Any and all educational and/or training materials utilized for the investigation, evaluation, or review of disability insurance claims. This includes all procedures, manuals, protocols, handbooks, guides, memorandum, intranet materials, policy and/or procedure statements, correspondence, tapes, videotapes, emails and/or other documents that have ever been used or utilized by Defendant that refer or relate in any manner to the following subjects: handling and deciding disability insurance claims, interpretation and/or evaluation of medical records and/or reports, undertaking or interpreting vocational rehabilitation evaluations and/or reports, determination of coverage and/or exclusions, ERISA-based instructions, investigation of disability claims including use of internal resources and/or outside vendors, in addition to all other materials, policies and procedures which in any way relate to handling and/or review of disability claims or dealing with claimants regardless of the title of the document.

**RESPONSE: Defendant objects to plaintiff's request on the grounds it seeks documents and/or information protected by the attorney client privileged or attorney work product doctrine. Defendant further objects to plaintiff's request on the grounds that it is over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.**

**Request No. 13:** Any and all correspondence (hard copy or e-mail) to any in-house personnel, outside consultants, attorneys, medical reviewers, or any other individual involved in reviewing the subject disability case which prior to initiation of litigation in this matter

**RESPONSE: Defendant objects to plaintiff's request on the grounds it seeks documents and/or information protected by the attorney client privileged or attorney work product doctrine. Without waiving these objections, to the extent that any non-privileged materials exist, they would be included in the administrative record, which has been produced to plaintiff.**

**Request No. 14:** Please provide all documents that discuss, reference, or describe weekly, monthly, quarterly, or annual targets or goals measured by the number of closed or denied claims from 2007 - present.

**RESPONSE: None.**

**Request No. 15:** Please provide any disability duration management documents or any similar documents or database materials relating to Plaintiff s claim and all documents that discuss, reference, or explain the meaning, purpose and use of such documents in managing claims.

**RESPONSE: Defendant objects to plaintiff's requests on the grounds that they are overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.**

**Request No. 16:** Please provide all documents that discuss or reference the compensation structure (salary, bonuses, incentives, stock options, award programs, or other benefits) applicable to claims or medical review personnel involved in the handling of long term disability claims.

**RESPONSE: All such employees receive a salary with no bonus plans or claim incentives.**

RELIANCE STANDARD LIFE
INSURANCE COMPANY
By Counsel

/s/ Walter L. Williams

Walter L. Williams
WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
P: (703) 245-9300; F: (703) 245-9301
*Attorney for Defendant Reliance Standard Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August, 2011, I served the foregoing to the following by email and mail:

Scott B. Elkind, Esquire
Elkind & Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
*Counsel for Plaintiff*

/s/ Walter L. Williams

Walter L. Williams

5

269234.1