IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| BRIAN ANDERSON, | * |
| Plaintiff, | * |
| v. | * Case No.: WDQ-11-1188 |
| RELIANCE STANDARD LIFE INSURANCE CO., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On October 3, 2011, Plaintiff Brian Anderson filed a Motion to Compel Discovery, pursuant to Fed. R. Civ. P. 37, and a Memorandum of Points and Authorities in Support of Plaintiff's Motion to Compel Discovery. ECF Nos. 10 & 10-1. Plaintiff informed the Court that he had served interrogatories and requests for production of documents on Defendant Reliance Standard Life Insurance Co. Pl.'s Mot. 10. According to Plaintiff, Defendant provided "substantially incomplete and evasive" responses to Plaintiff's discovery requests, which Plaintiff insists sought relevant information. *E.g.*, Pl.'s Mot. 10, 14, 30, 33, 36. Yet, as discussed below, in his haste to put the discovery disputes before the Court for resolution, rather than attempt to resolve them without the Court's intervention, Plaintiff failed to comply with Fed. R. Civ. P. 37(a), Local Rules 104.7 and 104.8, Guideline 1.a of this Court's Discovery Guidelines, and case law, *see, e.g.*, *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357-58 (D. Md. 2008). Therefore, Plaintiff's Motion is DENIED WITHOUT PREJUDICE to refiling the Motion, in compliance with the aforementioned rules as explained below, if the

discovery conflicts remain after the parties have made sincere attempts to resolve them. This Memorandum Opinion and Order disposes of ECF No. 10.

Litigants have an obligation to cooperate with respect to planning and executing discovery or resolving discovery disputes. *See Mancia*, 253 F.R.D. at 357-58.

> [T]he 'spirit and purposes' of the[] discovery rules requires cooperation by counsel to identify and fulfill legitimate discovery needs, yet avoid seeking discovery the cost and burden of which is disproportionally large to what is at stake in the litigation. Counsel cannot 'behave responsively' during discovery unless they do both, which requires cooperation rather than contrariety, communication rather than confrontation.

*Id.* The duty to cooperate has been restated in this Court's Discovery Guidelines. *See* Guideline 1.a of the Discovery Guidelines for the United States District Court for the District of Maryland, D. Md. Loc. R. App. A (July 1, 2011), http://www.mdd.uscourts.gov/localrules/LocalRules.pdf ("The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets these objectives. Counsel have a duty to confer early and throughout the case as needed to ensure that discovery is planned and conducted consistent with these requirements and, where necessary, make adjustments and modifications in discovery as needed."). An "entire dispute [may be] avoided [if] counsel cooperate[] in the conduct of discovery, as they are obligated to do." *Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009).

Along this vein, a party cannot file a motion to compel with the Court without first working cooperatively with the other party to resolve the dispute. *See* Fed. R. Civ. P. 37(a)(1); Loc. R. 104.7; Guideline 1.a; *Mancia*, 253 F.R.D. at 357-58. Specifically, a party must either confer with the other party and make "sincere attempts to resolve the differences between them," or make a sincere effort to confer that the other party rebuffs. Loc. R. 104.7; *see* Fed. R. Civ. P. 37(a)(1). When the time is ripe to file a motion to compel, a certificate attesting to the

conference—or "counsel's attempts to hold such a conference without success"—must accompany the motion. Loc. R. 104.7; *see* Fed. R. Civ. P. 37(a)(1). Here, Plaintiff has neither filed a certificate nor suggested that he has made any effort to communicate with Defendant about the deficiencies Plaintiff perceives in Defendant's discovery responses.

Moreover, when a party asserts, as Plaintiff has done, that the opposing party provided substantially inadequate discovery responses, the party must follow the procedures set out in Local Rule 104.8, which Plaintiff has not done. *See* Local Rule 104.8; *Jayne H. Lee, Inc. v. Flagstaff Indus.*, 173 F.R.D. 651, 655 (D. Md. 1997) (reciting Local Rule 104.8 procedures). As one facet of the duty to cooperate, Local Rule 104.8 requires that the parties try to resolve disputes regarding the adequacy of discovery responses informally, without involving the Court. Loc. R. 104.8.b. If the informal communications do not resolve the dispute, the requesting party may serve a motion to compel on the opposing party (not the Court), receive a response, and serve a reply. Loc. R. 104.8.a-b. Only after this exchange may the requesting party file the papers with the Court, and only if the dispute still remains despite the parties' sincere efforts to resolve it. Loc. R. 104.8.c.i. At that time, "the party seeking to compel discovery shall file the certificate required by L.R. 104.7, and shall append thereto a copy of the motion and memoranda previously served by the parties under L.R. 104.8.a." *Id.* Plaintiff filed his Motion directly with the Court, unaccompanied by the required certificate or Defendant's response. Therefore, the issue of whether Defendant's responses are complete and non-evasive, as required by Fed. R. Civ. P. 37(a)(4), is not ripe for decision.

Counsel should familiarize themselves with (1) this Court's Discovery Guidelines, paying particular attention to Guideline 1; (2) the attached Discovery Procedures that I use for cases assigned to me, which modify the Court's Local Rules; and (3) *Mancia v. Mayflower*

*Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008). The Guidelines appear as Appendix A to the Local Rules, available at http://www.mdd.uscourts.gov/localrules/LocalRules.pdf. <u>Counsel are directed to read these materials within seven (7) days of the date of this Memorandum Opinion and Order and to confirm in writing that they have done so.</u>

To guide the parties when they meet and confer in accordance with Local Rule 104.8 and, if need be, Fed. R. Civ. P. 37(a)(1) and Local Rule 104.7, I note that, while Plaintiff's motion is not a model of clarity, Defendant's responses appear to be largely boilerplate objections. *E.g.*, Pl.'s Mot. to Compel Ex. 3, Resp. to Interrog. No. 2, ECF No. 10-5 ("Defendant objects to plaintiff's interrogatory on the grounds that it is overly broad in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. . . ."). Boilerplate objections are expressly prohibited by Fed. R. Civ. P. 33(b)(4), which provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity." *See also* Loc. R. 104.6 ("Responses to interrogatories and requests for production shall set forth each interrogatory or request followed by the answer and/or a brief statement of the grounds for objection, including a citation of the main applicable authorities (if any)."). Moreover, case law states that objections to discovery, including Rule 33 interrogatories and Rule 34 document production requests, must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38-39 (D. Md. 2000). "[F]ailure to do so may constitute a waiver of grounds not properly raised." *Hall*, 231 F.R.D. at 474. Additionally, I note that in some instances, Defendant asserts privilege without particularizing its assertion. *E.g.*, Pl.'s Mot. to Compel Ex. 4, Resp. to Doc. Prod. Req. No. 12, ECF No. 10-6 ("Defendant

objects to plaintiff's request on the grounds it seeks documents and/or information protected by the attorney client privilege or attorney work product doctrine. . . ."). Objections based on attorney-client privilege or the work product doctrine must be particularized, Fed. R. Civ. P. 26(b)(5), and accompanied by the information that this Court's Discovery Guidelines 6 and 9.c require. The Court may deem the failure to do so to be a waiver of the privilege or work product protection. *Victor Stanley, Inc. v. Creative Pipe, Inc*., 250 F.R.D. 251, 267 (D. Md. 2008). In light of the above-referenced authority, Defendant would be prudent to reconsider its objections as it works cooperatively with Plaintiff to resolve these discovery disputes without intervention of the Court.

If the parties cannot resolve their disputes on their own, then, to facilitate and expedite the Court's resolution of any remaining discovery disputes, the parties shall adhere to the following less-formal approach to the exchange required by Local Rule 104.8. Plaintiff's counsel will create a four-column spreadsheet in Word format. In the first column, Plaintiff's counsel will list the number of each disputed interrogatory or document request. In the second column, he will briefly (in 100 words or less) explain the relevance of the interrogatory or documents requested by reference to a claim or defense that is pending, and identify what she contends has not been produced. In the third column, Defense counsel will respond briefly (in 100 words or less) to Plaintiff's comments. The illustration below shows what the spreadsheet will look like.

| Interrogatory No./ RPD No./ Subpoena | Plaintiff's explanations | Defendant's response | Ruling |
|---|---|---|---|
| First disputed item | | | |
| Second disputed item | | | |
| Third disputed item | | | |

Each contested interrogatory, document production request, or subpoena will have a separate line in the spreadsheet.

To complete the spreadsheet, Plaintiff's counsel will fill in the first and second columns for each disputed discovery request and e-mail the document to Defense counsel. Defense counsel will fill in the third column and e-mail the document to Plaintiff's counsel within fourteen (14) days of receiving Plaintiff's e-mail. Once Plaintiff receives Defendant's e-mailed response, Plaintiff shall, within seven (7) days, e-mail to me at lisa_bergstrom@mdd.uscourts.gov the spreadsheet and a PDF copy of Plaintiff's interrogatories, document production requests, and Defendant's written response(s), along with a Certificate of Good Faith Effort.

Dated: October 11, 2011 _____/S/_____
Paul W. Grimm
United States Magistrate Judge

lyb

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

### Discovery Procedures

**A. Generally**

1. Counsel are required to have read the Federal Rules of Civil Procedure, Local Rules of this Court, Discovery Guidelines of this Court (Appendix A to the Local Rules), and, with respect to discovery of Electronically Stored Information ("ESI"), the Suggested Protocol for Discovery of ESI, posted on the Court's website, www.mdd.uscourts.gov. Moreover, counsel are required to comply with the aforementioned rules and guidelines, except as otherwise specified in these procedures or by order of the Court. D. Md. Loc. R. App. A., Guideline 1.b (July 2010) ("Guideline").

2. All counsel of record will read *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354 (D. Md. 2008), and will conduct discovery in accordance with the principles discussed therein, which include an obligation to cooperate during the conduct of discovery, as well as to limit the cost of discovery so that it is proportional to what is at issue in the case. *See* Guideline 1.a ("The parties and counsel have an obligation to cooperate in planning and conducting discovery . . . ."). The duty to cooperate includes, "at a minimum, being open to, and reasonably available for, discussion of legitimate differences in order to achieve the just, speedy, and inexpensive resolution of the action and every proceeding." Guideline 1.c.

3. Attorneys "are expected to communicate with each other in good faith throughout the discovery process to resolve disputes without the need for intervention by the Court, and should do so promptly after becoming aware of the grounds for the dispute." Guideline 1.e; *see Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (observing that the dispute at issue "could, and should, have been avoided had counsel cooperated in the conduct of discovery, as they are obligated to do" and directing parties to "meet and confer"). Counsel "may bring unresolved discovery disputes to the Court's attention for resolution by filing a letter, in lieu of a motion, that briefly describes the dispute, unless otherwise directed by the Court." Guideline 1.e.

4. Attorneys are required to conduct discovery such that it is "relevant to a party's claim or defense; proportional to what is at issue in the case; and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought." Guideline 1.a; *see* Rule 26(b); *Mancia*, 253 F.R.D. at 356-59.

**B. Discovery Requests, Reponses, and Objections**

1. All discovery requests, responses and objections are governed by the requirements of Rule 26(g), and counsel and parties shall be familiar with the requirements of the rule and the sanctions that may be imposed for failure to comply with it. Guideline 1.d.

2. All discovery responses, answers (including answers to interrogatories and document production requests), and disclosures are to be complete and non-evasive. Fed. R. Civ. P. 37(a)(4). Evasive or incomplete discovery responses, answers, or disclosures will be deemed to be a failure to respond, answer, or disclose. *Id.*

3. If a party responding to a discovery request, including interrogatories and document production requests, objects, in whole or part, to the discovery, the objections must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection. *See* Fed. R. Civ. P. 33(b)(4); *Mancia*, 253 F.R.D. at 358-59. Failure to do so constitutes a waiver of the objection. *Marens v. Carrabba's Italian Grill, Inc*., 196 F.R.D. 35 (D. Md. 2000); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168 (D. Md. 2001). Similarly, assertions of privilege or work product immunity as a basis for refusing to provide discovery must be particularized, Fed. R. Civ. P. 26(b)(5), and accompanied by the information required by Guidelines 6 and 9.c. Failure to do so may be deemed by the Court to be a waiver of the privilege/immunity. *Victor Stanley, Inc. v. Creative Pipe, Inc*., 250 F.R.D. 251 (D. Md. 2008). If a party refuses to provide discovery on the basis of attorney–client privilege or work product immunity, and if providing separate designations for each document in the privilege log would be excessively burdensome or expensive, the party may designate categories of documents instead, provided that each document in the category is within the privilege or protection claimed and shares common characteristics with the others in the category. Guideline 10.d.iii, iv. See Fed. R. Evid. 502 for the rules governing intentional and inadvertent disclosures of information covered by the attorney–client privilege or work product doctrine.

4. In responding to document production requests, parties will comply with the procedures stated in *Jayne H. Lee, Inc. v. Flagstaff Industries Corp.*, 173 F.R.D. 651 (D. Md. 1997), and if the documents or ESI requested is not to be produced contemporaneously with the filing of the answer to the production request, the producing party will give a date certain when it will be produced. In this regard, it is improper to state that the production will be made some unspecified time in the future.

**C. Discovery Motions (to compel & for protective order), Oppositions, and Replies**

1. If a party is represented by more than one attorney of record, no discovery motion, opposition, or reply may be filed unless the senior attorney of record has read the contents of the motion and any supporting memorandum and exhibits. Guideline 10.c.

2. Unless otherwise ordered by the Court, motions to compel answers to Rule 33 and 34 discovery requests *for which a response has been served* will be initiated in accordance

with Local Rule 104.8 and served on opposing counsel within thirty (30) days of receipt of the response. Such motions shall not be filed except as described in Loc. R. 104.8.a. Failure to comply with this requirement will constitute a waiver of any objections to the sufficiency of the answer. Pursuant to Local Rule 104.7, no discovery motion may be filed without first having conferred with opposing counsel in a good faith effort to resolve the dispute without Court involvement. The motion will be accompanied by a certificate describing these efforts. Loc. R. 104.7, 104.8.c.

3. All other discovery motions, oppositions, replies, and required supporting memoranda shall be filed though the Court's electronic filing system. Rule 104.8.a, 105.

4. Unless otherwise ordered by the Court, oppositions to discovery motions will be filed or served, as appropriate, within fourteen (14) business days of service or filing of the motion. Loc. R. 104.8.a., 105.2.a. Similarly, reply memoranda will be filed or served, as appropriate, within fourteen (14) business days of service or filing of the opposition memoranda. Loc. R. 104.8.a., 105.2.a. Unless permitted by the Court, surreply memoranda will not be allowed. Loc. R. 105.2.a.

5. Discovery motions, oppositions, and replies should be as concise as possible. If in the form of a letter, they should not exceed five (5) pages single spaced. If a party anticipates that it will need more pages to brief a discovery dispute, it must request permission of the Court. If not in letter format, motions and oppositions should not exceed twenty (20) pages unless otherwise ordered by the Court. Loc. R. 105.3. Reply memoranda should not exceed fifteen (15) pages. *Id*. These page limits do not include affidavits, exhibits, tables of contents and citations, and addenda containing statutes, rules, regulations, and similar material. *Id*.

6. The filing party must submit a complete paper copy of any filing that, including attachments, is fifteen (15) pages or longer, along with a copy of the notice of e-filing.

7. Citation to authority will be specific and limited to the fewest number of citations needed to support an argument. Counsel will cite first to Fourth Circuit precedent and then cases decided by this District Court before citing authority from other circuits or districts. If no authority has been found from the Fourth Circuit or the United States District Court for the District of Maryland, the motion shall affirmatively state this. Additionally, unless authority cited is not published in the official National Reporter System (i.e., West), the official West cite will be used. If unpublished, the Westlaw cite will be used. If a cited decision is not available in West or on Westlaw, other citations may be used.

8. Unless otherwise ordered by the Court, discovery motions will be resolved by a telephone hearing scheduled by the Court.

**D. Emergency Discovery Dispute Resolution Procedure**

1. If an emergency discovery dispute arises that counsel cannot resolve, despite good faith efforts to do so, counsel should follow the procedure that the Court adopted in July 2010, which is available at http://www.mdd.uscourts.gov/news/news/dutydiscoveryjudge finaledit.pdf. A dispute is only an emergency if failure to address it immediately will result in substantial burden, expense, or prejudice.

2. Counsel must make good faith attempts to resolve the dispute themselves.

3. If counsel cannot resolve the dispute, they should call my chambers and notify me, demonstrating why the matter is an emergency and that they have made good faith efforts to resolve it.

4. I will handle the matter or refer it to the duty magistrate judge (DMJ) for resolution. If I refer the dispute to the DMJ, the DMJ will resolve the matter by an oral ruling memorialized as a paperless order on the docket or a short letter ruling, or the DMJ will return the dispute to me if the DMJ determines that it does not warrant emergency resolution.

Paul W. Grimm
United States Magistrate Judge