IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BRIAN ANDERSON,           *

    Plaintiff         *

    v.                *   CIVIL NO.: WDQ-11-1188

THE RELIANCE STANDARD LIFE    *
INSURANCE COMPANY, et al.     *

    Defendants.       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Brian Anderson sued The Reliance Standard Life Insurance Company ("Reliance") and The Apptis, Inc. Long Term Disability Plan for violating the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Pending is Anderson's motion for reconsideration, construed as an objection to Magistrate Judge Grimm's January 5, 2012 order. ECF No. 21. For the following reasons, the objection will be overruled.

I.  Background[1]

Anderson, an Apptis employee and participant in the Apptis Long Term Disability ("LTD") Plan ("the Plan"), suffers from degenerative disc disorders of the back, failed back syndrome, radiculopathy, obstructive sleep apnea, plantar fasciitis, and other conditions. ECF No. 1 ¶12. He applied for and received

---

[1] The facts are taken from the complaint and Judge Grimm's January 5, 2012 order. ECF Nos. 1, 21.

LTD benefits from the Plan from March 19, 2007 until January 15, 2010. *Id.* ¶¶13-14. On June 11, 2010 and June 12, 2011,[2] he unsuccessfully appealed termination of his benefits. *Id.* ¶¶15-18.

On May 5, 2011, Anderson sued Reliance and the Plan in this Court. ECF No. 1. On June 9, 2011, Reliance and the Plan answered the complaint and counterclaimed for unpaid offsets, alleging that Anderson had failed to report Social Security Disability benefits he received while receiving LTD benefits. ECF No. 5.

On October 3, 2011, Anderson moved to compel discovery from Reliance, seeking a series of answers to interrogatories and documents. ECF No. 10. That day, the Court referred the case to Magistrate Judge Paul Grimm to determine "[a]ll discovery and related scheduling matter[s]." ECF No. 11. Judge Grimm denied Anderson's motion without prejudice, requiring the parties to meet, confer, and make a good faith effort to resolve the discovery disputes without court intervention. ECF No. 20 at 1. The parties resolved several of the disputes and presented the remaining requests, in the form of a spreadsheet with each request and the parties' arguments, to Judge Grimm. *Id.*

---

[2] The complaint states that the second appeal "was file[d] on 6/12/08." ECF No. 1 ¶17. The Court presumes Anderson meant 6/12/11.

Anderson sought: (1) information and documents related to the relationship between the defendants and "various medical providers," and (2) information and documents about "internal guidelines, policies, procedures, [and] claims handling manuals." *Id.* at 6-7. Both sets of information were asserted as relevant to allegations that Reliance operated with a structural conflict of interest. *Id.*

On January 5, 2012, Judge Grimm compelled production of most of the first set of requests, the defendants' relationship with medical providers, and claims manuals and related documents, but determined that

> while [Reliance] has failed to make a particularized showing of good cause . . ., I am satisfied that an insurance company's claims manual is the type of commercial information that warrants a confidentiality agreement when it is produced for discovery. Accordingly, I am ordering the parties to confer and prepare such a confidentiality order for my signature.

*Id.* at 9.

On January 18, 2012, Anderson filed a "motion for reconsideration" of the protective order "in accordance with Local Rule 105(10)." ECF No. 21 Attach. 1 at 1. He challenged only the confidentiality agreement. *Id.* On February 1, 2012, Reliance opposed the motion, arguing that Anderson had not met the standard for reconsideration under Fed. R. Civ. P. 54(b). ECF No. 23 at 1-2. Anderson's reply made clear that he believed he had filed objections to Judge Grimm's Order (and believed the

3

order was a Report and Recommendation).  See ECF No. 25. Accordingly, Judge Grimm ordered that the motion be construed as an objection to his January 5, 2012 order.  ECF No. 26.

II. Analysis

Anderson contends that the Court referred the discovery dispute to Judge Grimm pursuant to 28 U.S.C. § 636(c) for a report and recommendation.[3]  ECF No. 25 at 1-2.  He is mistaken. The Court referred all discovery matters to Judge Grimm, ECF No. 16, under 28 U.S.C. § 636(b)(1)(A), to "determine" the matters. See also Local Rule 301.5.a ("[A] District Judge may designate a full-time Magistrate Judge to hear and determine (including the passage of final orders as to all or any part of) any pretrial matter . . . includ[ing] . . . discovery disputes."). Accordingly, Fed. R. Civ. P. 72(a), rather than 72(b), governs the Court's consideration of Judge Grimm's order.

A.   Standard of Review

Under Local Rule 301.5.a, "[a] District Judge may reconsider, modify, or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." See also Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The

---

[3] Because Anderson captioned his motion as one for reconsideration, and it was not clear that he in fact wanted to object to Judge Grimm's order under Rule 72, Reliance did not address the standard for sustaining an objection to a Magistrate Judge's order.  See ECF No. 21 Attach. 1; ECF No. 23.  Further briefing is unnecessary because Anderson's objections are meritorious.

district court reviews the factual findings of a Magistrate Judge's decision for clear error and conclusions of law are reviewed *de novo*. *Int'l Assoc. of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 485 (D. Md. 2005).

Under the clearly erroneous standard, the Court "is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Id.* at 486 (internal quotation marks and citations omitted). The Magistrate Judge's findings will not be rejected unless the Court is left with "the definite and firm conviction that a mistake has been committed." *Harman v. Robertson*, 772 F.2d 1150, 1153 (4th Cir. 1985).

B.   Anderson's Objection to the Protective Order

Anderson argues that Judge Grimm's order should be vacated because (1) documents obtained through discovery are judicial records that should be available to the public, (2) Reliance has not met the requirements for obtaining a protective order, and (3) Reliance's and other insurers' claims manuals are already in the public domain. *See* ECF No. 21 at 2-7.

1.   Discovery Materials are not Judicial Records

"The press and the public have a common law right of access to judicial documents." *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005). The "presumption

of access" is rebuttable if "countervailing interests heavily outweigh the public interests in access." The determination of whether to restrict access to judicial documents is "best left to the sound discretion of the district court." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

However, discovery "is ordinarily conducted in private" and "stands on a wholly different footing" than judicial documents that are filed in a proceeding. *Id.* at 576; *see also* Fed. R. Civ. P. 5(d) (all papers must be filed except disclosures and discovery requests, which "must not be filed until they are used in the proceeding or the court orders filing").[4] Accordingly, the justifications for providing documents in the judicial record available to the public do not apply to discovery documents.

    2.    Rule 26 Requirements for Protective Order

Anderson argues that Reliance was required to show "potential, significant harm" and that the manual contained trade secrets, to obtain a protective order. ECF No. 21 Attach. 1 at 3-4.

---

[4] Before 2000, Rule 5(d) required discovery documents to be filed. Fed. R. Civ. P. 5(d), Advisory Committee Note, 2000 amendment. Accordingly, at that time those documents became part of the judicial record and were subject to the presumption of public access, as many of the pre-2000 cases Anderson cites state. *See* ECF No. 21 Attach. 1 at 3 and cases cited therein. However, few of those cases are binding, *see id.*, and they do not govern discovery documents after the 2000 amendments. Therefore, they are not helpful.

6

Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order may forbid discovery entirely, restrict inquiry into certain matters, limit the scope of required disclosures, or require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." *Id.* at 26(c)(1)(A), (D) & (G).

To establish good cause, the proponent of a protective order must "present a particular and specific demonstration of fact" that harm will result without a protective order. *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (internal quotation marks and citation omitted). This is particularly the case when a protective order will stay discovery or prevent the requesting party access to the information. *See id.* Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.*

Judge Grimm concluded that "an insurance company's claims manual is the type of commercial information that warrants a confidentiality agreement when it is produced for discovery." ECF No. 26. He granted Anderson access to the document, qualifying that access only by limiting Anderson's and his

7

attorney's use of the information to this case.  ECF No. 26 at 9.  Judge Grimm's conclusion that the claims manual contains commercial information warranting protection is a factual finding, "entitled to significant deference." *Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 441 (D. Md. 2005).

Judge Grimm reached his conclusion despite Reliance's failure to "make a particularized showing of good cause in this instance." ECF No. 20 at 9.  Although the failure to hold Reliance to its burden may have been error, the purpose of the particularized showing is to ensure that the requesting party obtains needed information, not to enable the requesting party to share information with third parties.  *Cf. Baron Fin. Corp.*, 240 F.R.D. at 202.  Here, Anderson will have access to the entire document--the protective order does not limit his access, nor does it stay the discovery process.

Contrary to Anderson's assertion, Reliance did not need to establish that it was protecting a trade secret to obtain a protective order--it merely had to show that the manual contained "commercial information."  Fed. R. Civ. P. 26(c)(1)(G).

        3.    Use of the Manual in Other Suits

Anderson contends that he should be allowed to share the manual with "other plaintiffs in similar actions." ECF No. 21 Attach. 1 at 3.

"[W]hen the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978). Accordingly, Judge Grimm could have flatly denied Anderson's discovery request, but instead properly limited it so that disclosure would serve an appropriate purpose--aiding Anderson in his own case--without danger of serving an improper one--gathering information for use in other proceedings. *Cf id.*[5]

4.   Availability of Reliance's Claims Manual

Anderson notes that Reliance's "Claims Manual is already in the public domain as most, if not all, of the claim[s] manual was filed as part of a Motion to Compel Discovery" in an ERISA suit in California." ECF No. 21 Attach. 1 at 7. It is not clear why Anderson served a discovery request on Reliance if it believed the material was already available in the public domain. That availability would have been sufficient for Judge Grimm to have denied the discovery request. *See Hall v. Sullivan*, 231 F.R.D. 468, 475 (D. Md. 2005); Fed. R. Civ. P.

---

[5] Anderson contends that ERISA's purpose supports making the claims manual available to all potential claimants. ECF No. 21 Attach. 1 at 6. Though the rules implementing ERISA require Plans to produce internal rules and guidelines to beneficiaries who receive an adverse benefit determination, that requirement governs the case-by-case provision of the documents. *See* 29 C.F.R. § 2650.503-1(g)(1)(v), (h)(2)(iii), (i)(5). The regulations do not require--or support--general public access to internal guidelines.

26(b)(2)(C)(ii). Instead, Judge Grimm gave Anderson the opportunity to see the manual as delivered by Reliance. There was no error.

### 5.   Practice of Other Insurers

Anderson contends that other insurers have provided their claims manuals without protective orders. Anderson does not explain why another insurer's choice to make its claims manual public has any bearing on this Court's determination whether Reliance's manual contains protection-worthy commercial information. See ECF No. 21 Attach. 1 at 6-7. Further, his examples of cases in which a court has ordered production of claims manuals without protective order are not helpful.[6]

---

[6] Contrary to Anderson's contention, Cigna's guidelines were not produced without a protective order in *Mullins v. AT&T Corp.*, 290 F. App'x 642 (4th Cir. 2008). In that case, the Fourth Circuit specifically noted that there would be a protective order in effect when the plaintiff received the manual. *Id.* at 647 n.4.
    Anderson attached an opinion from *Allen v. Life Insurance Co. of North America*, slip op. No. 09-1179 (D. Ga. March 18, 2010) and stated that in that case, "[t]he Cigna claims guidelines were required to be produced without protective order." ECF No. 21 Attach. That is incorrect. In *Allen*, Judge Shoob held that Cigna would be required to produce only the relevant portions of its claims manual, and that "[p]roduction of these documents shall be conditioned on the parties agreeing to an appropriate protective order to protect [the insurer's] trade secrets and other confidential information." *Allen*, slip op. at 6-7. Cigna did not request a confidentiality agreement in *Tinkham v. Conn. Gen. Life Ins. Co. (Cigna Grp. Ins.)*, No. 99-0357-P-H (D. Me. Apr. 18, 2000), the third Cigna case on which Anderson relies. See ECF No. 21 Attach. 1 at 6.

6. Conclusion

Although Judge Grimm did not require a "particular and specific demonstration of fact" that harm would result without a protective order, *Baron Fin. Corp.*, 240 F.R.D. at 202, the Court is not left with "the definite and firm conviction that a mistake has been committed." *Harman*, 772 F.2d at 1153. Anderson has not rebutted Judge Grimm's conclusion that the manual contains commercially sensitive material, nor that other courts considering this issue have come to a contrary conclusion. He has, however, shown that he seeks the information for an impermissible purpose. *See Oppenheimer Fund*, 437 U.S. at 353 n.17. Accordingly, Judge Grimm did not commit clear error in determining that the manual contains "commercial information that warrants a confidentiality agreement." ECF No. 20 at 9.

III. Conclusion

For the reasons stated above, Anderson's objection will be overruled.

_____3/8/12_____      _____/s/_____
Date                    William D. Quarles, Jr.
                        United States District Judge

11